'

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21507-BLOOM/Otazo-Reyes

JASON RODRIGUEZ,

    Plaintiff,

v.

CITY OF HIALEAH,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant City of Hialeah's ("Defendant") Motion to Dismiss First Amended Complaint, ECF No. [18] ("Motion"). Plaintiff Jason Rodriguez ("Plaintiff") filed a Response in Opposition, ECF No. [19], to which Defendant filed a Reply, ECF No. [20]. The Court has considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.    BACKGROUND**

This is an action for damages pursuant to the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act. On July 5, 2023, Plaintiff filed an Amended Complaint which alleges the following. Plaintiff, a Firefighter employed in Defendant's Fire Department, is permanently injured on account of an October 2017 injury that affects his neck motion, finger grip, and leg movement. ECF No. [16] ¶¶ 10, 11. On December 22, 2023, Plaintiff took the written portion of an examination for promotion to the rank of fire engineer in which he scored in the 99th percentile. *Id.* ¶ 13. The exam has a written and physical (or practical) portion. *Id.* ¶ 14. On January

3, 2022, Plaintiff requested of Defendant that he not be required to perform or prepare for the practical portion on account of his physical limitations. *Id.* ¶¶ 15, 17. In a letter, Plaintiff asserted there were two classifications of job duties at the rank of fire engineer: Fire Engineer and Light Duty Fire Engineer. *Id.* ¶ 18. Defendant has employed "permanent Light Duty assigned Fire Engineers" whose assigned tasks do not require any of the activities tested in the practical portion of the promotion exam. *Id.* ¶¶ 26-28. Whereas the practical exam requires lifting, bending, stooping, and climbing, those body movements are not essential functions of the Light Duty Fire Engineer position. *Id.* ¶¶ 16, 20. On February 1, 2022, Defendant responded that Plaintiff's request was not reasonable and declined to grant the requested accommodation. *Id.* ¶ 23.

The Amended Complaint attaches three Exhibits. The first Exhibit is Plaintiff's letter to Ms. Perez dated January 3, 2022. ECF No. [16-1] ("Ex. A"). Plaintiff states therein that "there is no way that [he] can prepare for [the] practical examination." *Id.* Plaintiff further states, "[a]lthough I am incapable of physically performing the essential functions of a Fire Engineer[,] I can perform the essential functions of a light duty Fire Engineer." *Id.* Plaintiff also states, "the specific functions of a light duty Fire Engineer are not tested on the practical portion of the test." *Id.* Plaintiff continues that he must be provided with "the same benefits and opportunities to compete and promote up the ranks as all other members" if he is going to remain with the City of Hialeah Fire Department. *Id.*

The second Exhibit is an email dated February 1, 2022, from Elsa Jaramillo-Velez, Defendant's then-Acting Human Resources Director, to Plaintiff. ECF No. [16-2] ("Ex. B"). Jaramillo-Velez states therein that "[t]he practical portion of the examination is an essential part of the process" and that "[i]f an applicant cannot complete the practical portion, consideration of whether he is qualified cannot be completed." *Id.* Jaramillo-Velez continues, "you also requested to be promoted to the fire engineer position as an accommodation," but added that "promotion is

not required as a reasonable accommodation." *Id.*[1] For those reasons, Defendant denied Plaintiff's request for the waiver. *Id.* The third Exhibit is a letter from Eric Johnson, President of the Hialeah Firefighters Local 1102, to Jaramillo-Velez. ECF No. [16-3] ("Ex. C").

On July 6, 2023, Defendant filed the instant Motion, asserting four principal arguments. ECF No. [18]. First, Defendant argues Plaintiff fails to adequately allege Defendant's failure to provide a reasonable accommodation. ECF No. [18] at 5. Defendant submits the ADA does not require an employer to promote an employee as an accommodation for a disability; nor does the ADA require an employer to provide an accommodation that eliminates one or more essential job functions. *Id.* In requesting the waiver, Defendant contends Plaintiff is essentially asking both for a promotion to Fire Engineer and an exemption from one or more essential functions for that position. *Id.* Second, Defendant argues Plaintiff is not a "qualified individual" under the ADA because Plaintiff admitted he cannot perform one or more essential functions of the Fire Engineer position. *Id.* at 5-6. Third, anticipating Plaintiff's response, Defendant contends Plaintiff is attempting to create a previously non-existent duty position in the City of Hialeah Fire Department based solely on the observation that Defendant employs Fire Engineers on light duty. *Id.* at 7-8. In Defendant's view, the fact that an employer has previously accommodated another employee does not make that accommodation reasonable. *Id.* Since no Light Duty Engineer position exists, Plaintiff's claims are barred. Fourth, Defendant argues Plaintiff has failed to make out an intentional discrimination or disparate impact claim and has failed to exhaust administrative remedies. *Id.* at 7.

---

[1] The Court notes Plaintiff did not request to be promoted as an accommodation, at least not expressly. The Jaramillo-Velez email appears to cast Plaintiff's request as a request for a promotion, which the ADA does not require an employer honor. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) ("the ADA may require the employer to 'reassign' . . . the disabled employee to a vacant position as a reasonable accommodation. The reassignment duty, however, does not require the employer to . . . . promote a disabled employee.") (citations omitted).

Defendant attaches a Charge of Discrimination ("Charge") in support of the Motion; Plaintiff signed the Charge on November 4, 2022 and submitted it to the EEOC. ECF No. [11-1]. The Charge alleges discrimination based on disability, setting forth the following allegations:

> I was employed by the City of Hialeah Fire Department as a Firefighter for about 15 years. In October 2017, I was injured in the line of duty and became disabled. Due to my disability-related restrictions, I was placed on permanent light duty. On or about December 22, 2021, I completed the written portion of an exam to be promoted to Fire Engineer. I scored 99% on the written exam. On or about January 3, 2022, I requested reasonable accommodations for my disability for the practical (physical) portion of the promotion exam which exceeded my medical limitations. On or about February 1, 2022, the Acting Human Resources Director sent me an email denying my accommodations request. She denied me the opportunity to take the practical portion of the promotion exam to become a Fire Engineer. I was discriminated against by the City of Hialeah based on my disability in violation of Title I of the Americans with Disabilities Act of 1990 . . . in that I was denied reasonable accommodations for my disability and I was denied a promotion to Fire Engineer.

*Id.*

Plaintiff responds he has adequately alleged he requested a reasonable accommodation. ECF No. [19] at 6. Specifically, Plaintiff argues Rule 8(a)(2) of the Federal Rules of Civil Procedure require a "short and plain" statement of his claim, not an exposition of legal arguments. *See id.* at 3. Plaintiff contends that the existence of the Light Duty Fire Engineer position and its essential functions are factual disputes to be resolved at summary judgment or trial. *Id.* at 6. Moreover, Plaintiff explains Defendant failed to accommodate Plaintiff's request by failing to engage in an "interactive process" once Plaintiff made the request, which Plaintiff contends is reasonable because the practical portion of the promotion examination is not "rationally related to any essential function of the Light Duty Fire Engineer position[.]" *Id.* at 2.

Defendant, relying on the Civil Service Rules and Regulations of the City of Hialeah ("Civil Service Rules"), replies that Plaintiff cannot allege the existence of the Light Duty Fire Engineer position because there is only one mechanism for creating new civil service positions,

the Fire Department's previous assignments of some Fire Engineers to light duty is not that mechanism, and Plaintiff has not alleged that mechanism was used to create the position. ECF No. [20] at 1-3. Defendant explains that all positions of employment in the City of Hialeah are classified positions except for certain positions of which Fire Engineer is not one. *Id.* at 2. Whenever a new classified position is established, or the duties of an existing position change significantly, the "appointing authority" must submit a report to the Civil Service Board on the position, and the Civil Service Board shall allocate the position according to a classification plan. *Id.* (citing Rule IV, § 5, Civil Service Rules). Only the Civil Service Board is authorized to create new Civil Service positions. *Id.*

## II.   LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves under Rule 12(b)(6), the court generally must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079

5

(S.D. Fla. 2019) (citing *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002)).

### III.   DISCUSSION

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim under the ADA, a plaintiff must establish that he is (1) disabled, (2) a "'qualified individual' at the relevant time, meaning he could perform the essential functions of the job in question with or without reasonable accommodations," and (3) was discriminated against because of his disability. *Valdes v. Fisher Safety*, No. 12-60034-CIV, 2012 WL 1405685, at *2 (S.D. Fla. Apr. 23, 2012) (quoting *Lucas*, 257 F.3d at 1255).[2] Under the ADA, an employer discriminates against a qualified individual based on disability where the employer takes adverse tangible employment action. *Lewis v. Georgia Power Co.*, No. 22-11395, 2023 WL 1818924, at *2 (11th Cir. Feb. 8, 2023) (citing 42 U.S.C. § 12112(a)). The ADA itemizes a non-exclusive list of adverse employment actions. *See* 42 U.S.C. § 12112(b) (stating that "discriminate against a qualified individual on the basis of disability" "includes" seven employer activities). An employer can violate section 12112(a) by intentionally discriminating against an employee or by failing to make a reasonable accommodation for an employee's disability. *See Lewis*, 2023 WL 1818924, at *2; *see also* 42 U.S.C. § 12112(b)(5)(B) (including as discrimination "denying employment opportunities to a[n] . . . employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered

---

[2] The parties agree that analyses of the ADA and FCRA are identical. ECF No. [18] ¶ 3 (citing *Wimberly v. Securities Tech. Group*, 866 So. 2d 146, 147 (Fla. 4th DCA 2004)); ECF No. [19] 1 n.1. The Court will analyze Counts I and II similarly in evaluating the Motion.

entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant").

Only an accommodation that allows a plaintiff to perform essential functions of the job in question is reasonable. *See Molina-Alvarez v. Fla. Int'l Univ. Bd. of Trustees*, No. 18-22480-CIV, 2019 WL 13256090, at *3 (S.D. Fla. May 15, 2019) (citing *Lucas*, 257 F.3d at 1255), *report and recommendation adopted sub nom. Molina-Alvarez v. Fla. Int'l Univ. & Hum. Res. Dep't*, No. 18-22480-CIV, 2019 WL 13256082 (S.D. Fla. May 28, 2019). Essential functions are "the fundamental job duties of a position that an individual with a disability is actually required to perform." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1257 (11th Cir. 2007) (citation omitted); *see also Samson v. Fed. Exp. Corp.*, 746 F.3d 1196, 1200 (11th Cir. 2014) (explaining that whether a particular job function is essential is "evaluated on a case-by-case basis by examining a number of factors" and describing some of the factors).

**A. Light Duty Fire Engineer**

Defendant contends that, by requesting not to take the practical portion of the promotion examination on account of his disability, Plaintiff has admitted he cannot perform the essential functions of the Fire Engineer position, ECF No. [18] at 5-6. Defendant further asserts that no Light Duty Fire Engineer position exists. *Id.* at 7-8. Thus, Plaintiff is not a "qualified individual," so he cannot state a claim for relief under the ADA.

According to the Amended Complaint, there are two classifications of job duties at the rank of Fire Engineer in the Fire Department: Fire Engineer and Light Duty Fire Engineer. Amend. Compl. ¶ 18. Attached to the Amended Complaint is a letter from Plaintiff to Perez in which Plaintiff states, "[a]lthough I am incapable of physically performing the essential functions of a Fire Engineer[,] I can perform the essential functions of a light duty Fire Engineer. There have

7

been many in recent memory which include Mike Peeples, and Kevin Coney." Ex. A.[3] At this stage in the proceedings, the Court must accept Plaintiff's factual allegations as true. *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018). Plaintiff's belief that the Light Duty Fire Engineer position exists stems from the staffing of Fire Engineers who are on light duty. Thus, Plaintiff's allegation of the existence of the Light Duty Fire Position rises above the speculative level and satisfies the *Twombly*/*Iqbal* pleading standard. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .") (footnote and citations omitted).

Defendant asserts that the absence of any discussion in Jaramillo-Velez's email, Exhibit B, regarding the Light Duty Fire Engineer position shows no such position exists. *See* Ex. B. However, Jaramillo-Velez does not state that the Light Duty Fire Engineer does not exist, so the Court must not infer that the absence of discussion of the positions means that position does not exist.

In its Reply, Defendant argues Plaintiff's cannot allege the existence of a Light Duty Fire Engineer position because the Civil Service Rules provide for a specific mechanism for creating new "classified position[s]" and Plaintiff has not alleged that the Light Duty Fire Engineer position was established under that mechanism. ECF No. [20] at 1-3. Defendant's Reply argument is procedurally improper because the Local Rules of the Southern District of Florida require that reply memoranda be strictly limited to rebuttal of matters raised in the memorandum in opposition. S.D. Fla. L.R. 7.1(c)(1). The Court will not consider the argument, or the Civil Service Rules, for

---

[3] "On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint. Exhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (*Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985)).

the additional reason that Plaintiff lacks the opportunity to respond to the argument. *See Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1363 (S.D. Fla. 2016) (declining to consider document outside the pleadings attached to Reply where Defendant apparently overlooked attaching the document to the motion).

Regardless, because Defendant relies on the Civil Service Rules without any further legal support, it does not necessarily follow from the absence of a Light Duty Fire Engineer classified position that the position does not exist. Defendant's argument assumes Defendant follows its own procedures; however, the allegation that Mike Peeples and Kevin Coney are fire engineers on light duty belies that assumption. While it may be that permanent light duty is available only to Fire Engineers who are injured after their promotion, it may be that either Defendant is not following the Civil Service Rules or that Defendant has presented an incomplete picture of its allocation process. In any event, the existence of a permanent light duty position is a question of fact not to be decided at this stage. *See, e.g.*, *Frazier-White v. Gee*, 818 F.3d 1249, 1256 (11th Cir. 2016) (finding upon a review of record evidence that it was undisputed no light-duty position existed). For now, the Court must accept such a position exists.[4]

Since Plaintiff has adequately alleged the existence of a Light Duty Fire Engineer position, the Court need not reach Defendant's argument that Plaintiff cannot perform the essential functions of that position. The Amended Complaint alleges sufficient facts supporting that the practical portion of the examination does not assess the essential functions of a Light Duty Fire Engineer. In particular, the Amended Complaint alleges that the practical exam requires lifting, bending, stooping, and climbing, and that such activities are not essential functions of a Light Duty Fire

---

[4] Defendant's argument also depends on the classified positions allocated under those rules being equivalent to employment positions within the meaning of the ADA. Defendant may also show that to be the case with record evidence on a motion for summary judgment.

Engineer because employees in that position "primarily do administrative work like training other firefighters and office work." Amend. Compl. ¶¶ 16, 19, 20. Based on those allegations, it does not follow Plaintiff cannot perform the essential functions of a Light Duty Fire Engineer, and those functions are a fact question determined on a case-by-case basis. *See D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1230-34 (11th Cir. 2005) (holding that genuine issues of material fact existed as to whether working on a conveyor belt was an essential function of the employee's position).

### B.  Reasonable Accommodation

Defendant argues in the alternative that Plaintiff's theory is "inconsistent with his claim of failure to accommodate." ECF No. [18] at 6. In other words, to the extent the practical portion of the promotion examination is superfluous, and operates to exclude Plaintiff, Plaintiff would appear to be making a "failure to promote" or a disparate impact discrimination claim, not a failure to accommodate claim. *Id.* at 7.

However, Rule 8(a)(2) requires Plaintiff to state a cognizable claim, not a legal argument. As Plaintiff correctly points out, the Supreme Court has explained that a complaint need not pin Plaintiff's claim to relief to a precise legal theory; rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure "generally requires only a plausible 'short and plain' statement of [Plaintiff's] claim." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011); *see also Sams v. United Food & Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."). Under the plain language of Rule 8 and well-established precedent, the issue is not, as Defendants contend, whether Plaintiffs specified that Counts I and II are premised on a failure-to-accommodate, intentional discrimination, or any other legal theory. Rather, the issue is whether Plaintiffs' Complaint sufficiently notified Defendants of an ADA claim predicated on discrimination in

violation of the ADA. The Amended Complaint, despite styling Count I narrowly as a "*Failure to Accommodate in Violation of the ADA*," did provide this notice.

To state a claim under the ADA, a plaintiff must show he is (1) disabled, (2) a "qualified individual" at the relevant time, and (3) was discriminated against because of his disability. *See Lucas*, 257 F.3d at 1255. Defendant does not dispute that Plaintiff is "disabled" and Plaintiff has adequately pled he is a "qualified individual" for the Light Duty Fire Engineer position given that he passed the written portion of the promotion examination. Amend. Compl. ¶ 13. An employer can discriminate in violation of the ADA by intentionally discriminating against an employee or by failing to make a reasonable accommodation for an employee's disability. *See Lewis*, 2023 WL 1818924, at *2. Thus, the Court does not agree that Plaintiff must commit only to his failure-to-accommodate theory to state a claim under the ADA. The ADA requires Plaintiff to allege discrimination, and the Amended Complaint does so: Plaintiff requested that the practical portion of the promotion examination be waived because his disability, and Defendant denied the request. Amend. Compl. ¶¶ 17, 23. As a result, the Amended Complaint asserts a discrimination claim under the ADA. *See id.* ¶¶ 32, 32 (asserting that Defendant's conduct amounts to discrimination on about of his disability).

Moreover, the Court finds Plaintiff advances a valid failure-to-accommodate theory of discrimination. The Eleventh Circuit has explained that, in making a demand for an accommodation, an employee must at least identify her disability and suggest how the accommodation would overcome her physical limitations. *Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022), *cert. denied sub nom. Owens v. Georgia Governor's Off. of Student Achievement*, 143 S. Ct. 2465 (2023). Once an employee makes a proper demand, an employer "*must* expend time and expense to explore the universe of reasonable accommodations, identify one that is mutually agreeable to the parties, and implement it." *Id.* at

1335 (emphasis added); *see also* 29 C.F.R. § App. to Pt. 1630 ("Once an individual with a disability has requested provision of a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the individual with a disability."). Here, Plaintiff alleges he notified Defendant of his disability and suggested how the accommodation requested would overcome his physical limitations: Plaintiff describes in detail his physical limitations and states the Light Duty Fire Engineer position involved training and administrative work, not lifting, bending, stooping, or climbing. Amend. Compl. ¶¶ 16-19; *see* Ex. A (identifying his physical limitations). Defendant responded by peremptorily denying the request. *See* Ex. B ("to the extent you are requesting it as an accommodation for your present position, the City is not obligated to grant it. To the extent you are requesting it as an accommodation to complete the examination, promotion without examination does not enable you to be considered[.]"). There is no indication Defendant made any effort to determine an appropriate accommodation. Plaintiff has thus alleged a cognizable claim under a failure-to-accommodate theory.

The Court's conclusion is bolstered by its review of the Code of Federal Regulations on reasonable accommodations. The CFR states in relevant part that reasonable accommodations may mean "[m]odifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 CFR § 1630.2(*o*)(1)(iii); *see also Fink v. New York City Dep't of Pers.*, 855 F. Supp. 68, 72 (S.D.N.Y. 1994), *aff'd*, 53 F.3d 565 (2d Cir. 1995) ("The [Rehabilitation Act] requires employers to make such reasonable accommodations as will allow

disabled individuals to compete fairly with their non-disabled colleagues.").[5] As such, an employer may fail to make a reasonable accommodation where a disabled employee identifies that she is unable to enjoy the same opportunity to compete for promotions as non-disabled employees. That opportunity is what Plaintiff seeks; in his letter to Perez, Plaintiff couches his request for an accommodation in terms of his desire to be afforded "the same benefits and opportunities to compete and promote up the ranks as all other members." Ex. A. Moreover, a reasonable accommodation includes "appropriate adjustment or modifications of examinations." 29 C.F.R. § 1630.2(*o*)(2)(ii). Plaintiff requested an adjustment or modification to the promotion examination; whether that request is reasonable is a generally question of fact. *Alumni Cruises, LLC v. Carnival Corp.*, 987 F. Supp. 2d 1290, 1305 (S.D. Fla. 2013).

In addition, the Court disagrees with Defendant that Plaintiff failed to exhaust his administrative remedies.[6] In the context of a Title VII action, "a plaintiff must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted). "The purpose of this exhaustion requirement is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* (quotation marks omitted) (alteration in the original). "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can be reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280 (quotation marks omitted). However, "[t]he scope of an EEOC complaint should not be strictly interpreted" such that "procedural technicalities" could

---

[5] "Cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa." *Cash v. Smith*, 231 F. 3d 1301, 1305 n.2 (11th Cir. 2000).

[6] The Court considers the Charge because Defendant contends it is central to the claim, Plaintiff does not contest its centrality, and its contents are not in dispute. *Financial Sec. Assur. v. Stephens, Inc.*, 500 F.3d 1276, 1283 (11th Cir. 2007).

result in a bar of claims brought under Title VII. *Id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970)). Defendant offers no basis for the Court to find that the ADA requires a strict interpretation of the Charge. Defendant relies on *Alexander v. Fulton County*, but that reliance is misplaced. In that case, the Eleventh Circuit held the Plaintiffs' Title VII claims fell within the ambit of the EEOC charges. *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1333 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) ("It is true that several claims of racial discrimination asserted in Plaintiffs' complaint . . . were not specifically mentioned in the EEOC charges. However, these claims are sufficiently similar to the promotions and job assignment claims . . . to be fairly characterized as arising out of similar discriminatory treatment to that specifically alleged before the EEOC."). Such is the case here. The Charge states that Plaintiff "requested reasonable accommodations for [his] disability for the practical (physical) portion of the promotion exam which exceeded [his] medical limitations," but that Jaramillo-Velez "sent [him] an email denying [his] accommodations request." ECF No. [11-1]. The Charge thus substantially mirrors the general allegations in the Amended Complaint.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [18]**, is **DENIED**. Defendant shall file an Answer to the Amended Complaint by **August 29, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record